UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEFFREY L. HABERER, 03-B-1552,          **DECISION AND ORDER**

       Petitioner,                              07-CV-00799(A)(M)

    v.

MR. NAPOLI (Superintendant),

       Respondent.
_____

This matter was referred to me by Hon. Richard J. Arcara pursuant to 28 U.S.C. §636(b) for supervision of all pre-trial matters, including the hearing and disposition of all non-dispositive motions. [17].[1] Petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus on November 19, 2007 [1]. Before me is petitioner's motion for a stay of proceedings [21]. For the following reasons, petitioner's motion is DENIED.

**FACTUAL BACKGROUND**[2]

Petitioner is alleged to have sexually assaulted the two minor daughters (S.E. and E.E.) of his girlfriend's (Johanna E.). Petitioner was initially indicted for sodomy in the first degree and sexual abuse in the first and second degrees. By decision dated July 25, 2002, the Cattaraugus County Court (Hon. Larry M. Himelein) dismissed the indictment on the ground that the counts were duplicative, the alleged time frame for the incidents was excessive, and

---

    [1]    Bracketed references are to the CM/ECF docket entries.

    [2]    This is not intended to be a summary of the complete factual background of the case, but rather only the facts relevant to the issues presented in this motion.

-1-

inadmissible hearsay was elicited before the Grand Jury. State Court Records, Ex. B, p. 12. On August 29, 2002, plaintiff was indicted on similar charges, including sodomy in the first degree, rape in the first degree, and sexual abuse in the first degree. Id. at p. 19. Following a jury trial, petitioner was convicted of sodomy in the first degree (N.Y. Penal Law §130.50(3)) and two counts of endangering the welfare of a child (N.Y. Penal Law §260.10(1)) and found not guilty of the remaining charges. State Court Records, Ex. C, p. 25.

## PROCEDURAL BACKGROUND

On June 9, 2008, respondent answered the petition [15], and filed a memorandum of law in opposition, arguing, *inter alia*, that petitioner failed to exhaust claims that his indictment was obtained (1) by use of perjured or fabricated hearsay testimony, (Petition [1], Ground Four), and (2) by withholding exculpatory or impeaching evidence, (Petition [1], Ground Six). Respondent's Memorandum of Law [16], p. 12.

Specifically, petitioner claims that the prosecutor "knew <u>before</u> the second Grand Jury, the very same complainant just got done accusing [him] of the very same allegations . . . and those allegations were false because the defendant was in jail in 1999 when the complainant was 6 years old" (Petition [1], Ground Four) (emphasis in original). Petitioner also appears to argue that the prosecutor used a "time-line" of events prepared by Johanna E. (State Records, Ex. R), to direct S.E. to certain dates during her testimony before the grand jury (Id. at Ex. N, Grand Jury Transcript pp. 23-37). Id. He also argues that if he had known about the timeline before the second grand jury presentation, he would have exercised his right to testify before the grand jury and presented witnesses (Petition [1], Ground Six).

On March 9, 2009, I denied petitioner's motion to stay proceedings without prejudice to re-filing, contingent upon an adequate showing that the claims were not "plainly meritless" pursuant to the factors set out in Rhines v. Weber, 544 U.S. 269, 277 (2005). Decision and Order [20]. Petitioner now moves a second time to stay the petition and hold the proceedings in abeyance so that he may exhaust his claims, which he argues are "potentially meritorious". Petitioner's Declaration [21], p. 4. Respondent opposes the motion, arguing that petitioner's unexhausted claims are not cognizable on federal habeas corpus review. Respondent's Memorandum of Law [22], pp. 3-4.[3]

## ANALYSIS

While district courts have discretion to grant a stay of proceedings, "stay and abeyance should be available only in limited circumstances." Rhines v. Weber, 544 U.S. 269, 277 (2005). "The district court would abuse its discretion if it were to grant [a habeas petitioner] a stay when his unexhausted claims are plainly meritless." Id. at 277-78. Because petitioner's unexhausted claims are not cognizable on federal habeas corpus review, his motion is denied.

To the extent that petitioner asserts defects in the state grand jury proceeding, such claims are generally not cognizable on federal habeas review when the petitioner was

---

[3] I note that my previous Order of March 9, 2009 gave respondent until April 6, 2009 to file a response to petitioner's motion [20]. While the response was not served and filed until May 4, 2009, I will consider it.

convicted by a petit jury after trial.[4]  *See*, *e.g.*, United States v. Mechanik, 475 U.S. 66, 70 (1986) ("The petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt.  Measured by the petit jury's verdict, then, any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt."); Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989) ("If federal grand jury rights are not cognizable on direct appeal where rendered harmless by a petit jury, similar claims concerning a state grand jury proceeding are a fortiori foreclosed in a collateral attack brought in a federal court."); Burden v. Filion, 421 F. Supp. 2d 581, 588 (W.D.N.Y. 2006) (Bianchini, M.J.) (petitioner's allegation of erroneous state grand jury proceeding cured by subsequent conviction by jury and not a basis for federal habeas relief); Jones v. Keane, 250 F. Supp. 2d 217, 223 (W.D.N.Y. 2002) (Elfvin, J.) (same).

Regarding his claim that the indictment was obtained by withholding exculpatory or impeachment evidence, petitioner concedes that he received the contested evidence before trial. Petitioner's Reply [23], ¶ 24.  Therefore, any related defect in the grand jury proceeding was cured by petitioner's possession of the material during trial and the subsequent jury

---

[4] However, errors affecting the fundamental fairness of the proceedings may qualify for federal habeas relief.  *See*, *e.g.*, United States v. Wallach, 870 F.2d 902, 906 (2d. Cir. 1989) (claims raising an issue of due process or fundamental fairness in grand jury proceedings would be preserved for review, while non-constitutional violations affecting the grand jury's decision to indict would either be vindicated by acquittal or rendered harmless by conviction); Schumann v. Kelly, 1994 WL 148121, *2 (W.D.N.Y. 1994) (Elfvin, J.) ("Some irregularities in grand jury proceedings, such as racially discriminatory jury composition, are reviewable on a federal habeas petition . . . ."); Harris v. Lacy, 1993 WL 335602, *1 (W.D.N.Y. 1993) (Elfvin, J.) ("There is no federal constitutional right to a grand jury in a state criminal proceeding and defects in a state grand jury process are thus not reviewable via a federal habeas corpus petition unless they 'rise for some other reason to the level of a denial of rights protected by the United States Constitution . . . .'").

conviction. *See* Lopez, supra, 865 F. 2d at 33 (claim that prosecutor failed to develop exculpatory evidence at grand jury and presented prejudicial evidence not cognizable on federal habeas review when cured in trial and subsequent petit jury conviction).

Petitioner's claim that the indictment was obtained through the use of perjured and hearsay evidence likewise fails. *See* Louis v. Fischer, 2007 WL 4198255, * 22-23 (E.D.N.Y. 2007) (claim that grand jury witness perjured testimony not cognizable on federal habeas review). Further, "an indictment is not invalidated by the grand jury's consideration of hearsay . . . . While the presentation of inadmissible evidence at trial may pose a substantial threat to the integrity of that factfinding process, its introduction before the grand jury poses no such threat." Bracy v. United States, 435 U.S. 1301, 1302 (1978). *See* Cadilla v. Johnson, 119 F. Supp. 2d 366, 371-72 (S.D.N.Y. 2000) ("Petitioner's claim that hearsay in the grand jury proceeding undermined the legal sufficiency of the indictment" is "not a constitutional claim that is cognizable under federal habeas review, because petitioner was convicted by a jury after a trial.").

**CONCLUSION**

For these reasons, I order that petitioner's motion for a stay of proceedings [21] be DENIED. Because petitioner filed his initial motion to stay the unexhausted claims [18] in response to respondent's answer and memorandum of law [15 and 16] without addressing the

merits of the other unexhausted claims, petitioner may file a written response to the answer and memorandum of law on or before September 30, 2009.

**SO ORDERED**.

DATED: September 1, 2009

/s/ Jeremiah J. McCarthy<br>
JEREMIAH J. MCCARTHY<br>
United States Magistrate Judge