```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

JEFFERY L. HABERER, 03-B-1552,

        Petitioner,

        -v-                        07-CV-0799(MAT)
                                 **ORDER**

MR. NAPOLI (Superintendent),

        Respondent.

## INTRODUCTION

Petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 19, 2007 (Dkt. #1). Before me is petitioner's motion to reconsider the Court's previous denial of petitioner's motion to stay the habeas proceedings (Dkt. #21). For the reasons that follow, petitioner's motion is denied, and petitioner is directed to file his traverse no later than June 18, 2010.

## BACKGROUND

On June 9, 2008, respondent answered the petition (Dkt. #15) and filed a memorandum of law in opposition (Dkt. #16), arguing, *inter alia*, that petitioner failed to exhaust two claims relating to his indictment and grand jury proceedings in Cattaraugus County Court. See Resp't Mem. at 12.

On June 26, 2008, petitioner filed a motion to stay the habeas petition to exhaust his claims in the state courts (Dkt. #18). The Court denied petitioner's motion without prejudice to re-filing,

contingent upon an adequate showing that the claims were not "plainly meritless" pursuant to the factors set forth in Rhines v. Weber, 544 U.S. 269, 277 (2005). (Dkt. #20).

Petitioner moved a second time to stay the petition and hold the proceedings in abeyance so that he could exhaust his claims, which he argued were "potentially meritorious". See Mot. dated 3/30/2009 at ¶ 12 (Dkt. #21). The respondent opposed the motion, stating that petitioner's unexhausted claims are not cognizable on federal habeas corpus review. See Resp't Reply dated 5/20/2009 (Dkt. #23). The Court denied petitioner's motion to stay on the ground that petitioner's claims asserting defects relating to the state grand jury proceeding are not cognizable on habeas review, and ordered that petitioner may file a traverse on or before September 30, 2009. (Dkt. #24).

On October 2, 2009, petitioner filed the instant motion for reconsideration[1] of the Court's Order dated September 1, 2009, denying the motion to stay (Dkt. #25). He subsequently filed a motion for an extension of time to file his traverse (Dkt. #27). The Court issued a text order on October 8, 2009, granting petitioner's motion for an extension of time, with a deadline to be determined upon disposition of petitioner's motion to reconsider.

---

[1] The Court construes petitioner's motion as a motion for reconsideration under Fed.R.Civ.P. 60(b). See, e.g., Triestman v. Fed. Bur. of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest.") (citation, internal quotation marks and emphasis omitted).

2

## DISCUSSION

Fed.R.Civ.P. 60(b) provides for relief from a final judgment, order, or proceeding when, for example, there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time. According to the Second Circuit Court of Appeals:

> Rule 60(b) sets forth the grounds on which a court, in its discretion, can rescind or amend a final judgment or order. ... Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. . . . In other words it should be broadly construed to do "substantial justice," . . . , yet final judgments should not "be lightly reopened." . . . The Rule may not be used as a substitute for a timely appeal. . . . Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances.

Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (citations omitted).

Under the most liberal interpretation of petitioner's request, nothing in petitioner's motion for reconsideration supports his request for relief under Fed.R.Civ.P. 60(b) from this Court's Order dated September 1, 2009. Petitioner does not demonstrate that there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time, nor does he show that his claim should be reopened in the interest of justice.

Accordingly, petitioner's motion for reconsideration of the Court's September 1, 2009 Order denying his motion to stay the proceedings is hereby denied.

Petitioner's traverse shall be served and filed on or before June 16, 2010.

**SO ORDERED.**

_____S/Michael A. Telesca_____
MICHAEL A. TELESCA
United States District Judge

Dated: May 19, 2010
Rochester, New York