```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

JEFFREY L. HABERER,

        Petitioner,

    -v-                                    07-CV-799(MAT)
                                                 **ORDER**

MR. NAPOLI (Superintendent),

        Respondent.

## I. Introduction

*Pro se* petitioner Jeffrey L. Haberer ("petitioner") has brought a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Cattaraugus County Court of Sodomy in the First Degree (N.Y. Penal L. § 130.50(3)) and two counts of Endangering the Welfare of a Child (N.Y. Penal L. § 260.10(1)). Petitioner's judgment of conviction was entered on June 16, 2003, following a jury trial before Judge Larry M. Himelein. Petitioner was sentenced as a second felony offender to a determinate sentence of imprisonment of twenty-two years for the sodomy charge, concurrent to one year terms for each count of endangering the welfare of a child.

## II Factual Background and Procedural History

Petitioner's convictions stem from various incidents wherein petitioner played pornographic movies in front of, and had sexual contact with his girlfriend's two daughters, ages 8 (Victim #1) and 11 (Victim #2). In a seven-count indictment, petitioner was

charged in Cattaraugus County with one count each of Sodomy in the First Degree and Rape in the First Degree, three counts of Sexual Abuse in the Second Degree, and two counts of Endangering the Welfare of a Child.

Petitioner's trial began on April 29, 2003. The prosecution introduced evidence that, on multiple occasions, petitioner played pornographic movies in front of the girls, fondled them, made sexual remarks towards them, and engaged in oral sex with Victim #1. Trial Tr. 63-112.

The defense called several witnesses, including petitioner, who denied having sexual contact with either victim. Trial Tr. 128-179.

On May 1, 2003, the jury found petitioner guilty of the sodomy and endangering charges and not guilty of the rape and sexual abuse charges. Trial Tr. 269-271.

Petitioner submitted counseled and supplemental *pro se* briefs to the Appellate Division, Fourth Department, which unanimously affirmed the judgment of conviction. People v. Haberer, 24 A.D.3d 1283 (4th Dept. 2005); lv. denied, 7 N.Y.3d 756 (2006). A motion to vacate the judgment of conviction pursuant to N.Y. Crim. Proc. L. § 440.10 followed, which was denied by the county court on procedural grounds. Leave to appeal that decision was not sought.

The instant petition for habeas corpus (Dkt. #1) was filed on December 12, 2007, alleging the following ground for relief:

(1) the indictment was duplicitous; (2) the indictment/bill of particulars were deficient; (3) Victim #1 lacked sufficient capacity to testify before the grand jury and at trial; (4) the indictment was obtained by the use of perjured testimony; (5) the evidence at trial was insufficient to support petitioner's conviction; (6) the state obtained the indictment by withholding exculpatory/impeaching evidence; (7) prosecutorial misconduct deprived petitioner of a fair trial; (8) ineffective assistance of trial counsel; (9) juror bias; and (10) the sentence was harsh and excessive. Petition ("Pet.") ¶ 22(A)-(J) (Attachment). The respondent has filed an answer and memorandum of law opposing the petition (Dkt. ##15, 16), as well as an index of the state court records ("Ex."). On July 8, 2010, petitioner filed a traverse/memorandum of law responding to the respondent's papers (Dkt. #33). For the reasons that follow, I find that petitioner is not entitled to the writ, and the petition is dismissed.

**III. Discussion**

    **A.   General Principles Applicable to Federal Habeas Review**

        **1.   Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not dicta) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's

4

application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

### 2. Exhaustion Requirement and Procedural Default

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S.

838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048 (1984). "The exhaustion requirement is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings, and is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Jimenez v. Walker, 458 F.3d 130, 148-149 (2d Cir. 2006) (internal citations and quotation marks omitted).

However, "[f]or exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state if it is clear that the state court would hold the claim procedurally barred.'" Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) (quoting Harris v. Reed, 489 U.S. 255, 263 n.9 (1989); other citations omitted). Under such circumstances, a habeas petitioner "no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. Section 2254(b)." Grey, 933 F.2d at 120. The procedural bar that gives rise to the finding that the claim should be deemed exhausted works a forfeiture and precludes federal court litigation of the merits of the claim absent a showing of cause for the procedural default and prejudice resulting therefrom or by

demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice. See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977).

### 3. Adequate and Independent State Ground Doctrine

It is a well-settled aspect of federal habeas jurisprudence that if "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred" absent (1) a showing of cause for the default and actual prejudice attributable thereto, or (2) a showing that failure to consider the claims will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state ground will create procedural default sufficient to bar habeas review if the state ground first was an "independent" basis for the decision; this means that "the last state court rendering a judgment in the case clearly and expressly state[d] that its judgment rests on a state procedural bar." In addition, the state procedural bar must be "adequate" to support the judgment-that is, it must be based on a rule that is "'firmly established and regularly followed' by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)).

If a state court holding contains a plain statement that a claim is procedurally barred then the federal habeas court may not review it, even if the state court also rejected the claim on the

merits in the alternative. See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) ("a state court need not fear reaching the merits of a federal claim in an alternative holding" so long as it explicitly invokes a state procedural rule as a separate basis for its decision).

**B. Petitioner's Claims for Habeas Relief**

**1. Victim # 1 Lacked Capacity to Testify at Trial (Ground Three)**

As he did in his *pro se* supplemental brief on direct appeal, petitioner alleges that Victim #1 lacked sufficient capacity and intelligence to give sworn testimony in the grand jury and at trial. Pet. ¶ 22(C); Ex. E. The Appellate Division rejected petitioner's contentions on the merits. Haberer, 24 A.D.3d at 1284-85. Because petitioner's claim arising out of the grand jury proceedings does not state a cognizable ground for habeas review[1], the Court will only address the merits of petitioner's claim relating to the victim's capacity to testify at trial.

It is well-settled that "there is no precise age which determines the question of competency. This depends on the capacity and intelligence of the child, his appreciation of the difference between truth and falsehood, as well as of his duty to tell the former." Wheeler v. United States, 159 U.S. 523, 524 (1895). New York law provides that, "[e]very witness more than nine years

---

[1] See discussion infra at III.B.5.a.

old may testify only under oath unless the court is satisfied that such witness cannot, as a result of mental disease or defect, understand the nature of an oath. A witness less than nine years old may not testify under oath unless the court is satisfied that he or she understands the nature of an oath." N.Y. Crim. Proc. L. § 60.20(2). Victim #1 was 9 years-old when she testified before the grand jury, Ex. F. at 15-16, and 10 years-old at the time of petitioner's trial. Trial Tr. 63.

As an initial matter, "[i]t is not the province of a federal habeas court to reexamine state-court determination on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Lewis v. Jeffers, 497 U.S. 764, 780 (1990). "Whether the trial court properly admitted sworn testimony from the child complainants in accordance with the requirements of C.P.L. § 60.20(2) is a matter best left to the New York state courts." Campbell v. Poole, 555 F.Supp.2d 345, 372 (W.D.N.Y. 2008); see also, Rodriguez v. Greiner, 274 F.Supp.2d 264, 267 (E.D.N.Y. 2003) (holding that "[w]hether the properly admitted unsworn testimony of the victim was sufficiently corroborated in accordance with the requirements of New York C.P.L. 60.20(3) is a matter left to the state courts"). Petitioner has not identified any federal constitutional right which was abridged so as to justify interference with the trial court's ruling by a federal court on habeas review. See Pet. ¶ 22(C). And, there was no error as a matter of New York law, under

which a trial court has broad discretion in admitting sworn child testimony.

In any event, there is nothing in the record to indicate that Victim #1 could not appreciate the difference between truth and falsehood.  At a preliminary hearing approximately one year before trial, when the victim was 9 years-old, the court implicitly found that Victim #1 possessed the capacity to testify under oath after the victim told the court that she understood what it meant to swear on the bible to tell the truth, that she knew the difference between the truth and a lie, and if she told a lie she would "get punished." Hr'g Mins. dated 3/5/2002 at 4.

Accordingly, this claim is dismissed.

### 2. Ineffective Assistance of Trial Counsel (Ground Eight)

Petitioner attacks his counsel's effectiveness of counsel on the grounds that his attorney failed to preserve for appeal the issues of legal sufficiency of the evidence and prosecutorial misconduct, and also faults his counsel's failure to obtain Brady material[2]. Pet. ¶ 22(H). The Appellate Division concluded that he was not denied the effective assistance of counsel. Haberer, 24 A.D.3d at 1284.

---

[2] Brady v. Maryland, 373 U.S. 83 (1963) (Suppression by prosecution of evidence favorable to an accused upon request violates due process where evidence is material either to guilt or to punishment, irrespective of good faith or bad faith of prosecution).

To establish that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel, a petitioner must show that (1) his attorney's performance was deficient, and that (2) this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficiency is measured by an objective standard of reasonableness, and prejudice is demonstrated by a showing of a "reasonable probability" that, but for counsel's unprofessional errors, the result of the trial would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." Id. To succeed, a petitioner challenging counsel's representation must overcome a "strong presumption that [his attorney's] conduct falls within the wide range of reasonable professional assistance." Id. at 689. A reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," id., and may not second-guess defense counsel's strategy. Id. at 690.

### a.  Failure to Move for Trial Order of Dismissal

First, petitioner's claim of ineffective assistance on the ground that his attorney did not move for a trial order of dismissal was not raised it in his direct appeal or in his § 440.10 motion for *vacatur*. The Second Circuit has recognized that habeas petitioners are required to exhaust each specific allegation of

11

ineffective assistance of counsel. See Caballero v. Keane, 42 F.3d 738, 740-41 (2d Cir. 1994). As such, this claim has not been exhausted for habeas review. Petitioner no longer has a forum in state court in which to raise his ineffective assistance of counsel claim. This specific allegation, that his attorney was constitutionally ineffective for failing to preserve the argument of legal insufficiency, is a matter of record, and therefore would have been properly raised on direct appeal. It cannot now be raised in a § 440.10 motion. See N.Y. Crim. Proc. L. § 440.10(2)(c) (the trial court must deny motion if the ground could have been raised on appeal and defendant failed to do so). Further, he cannot again seek leave to appeal this claim in the Court of Appeals because he has already made his one entitled request for leave to appeal. See N.Y. Court Rules § 500.20. The claim is thus deemed exhausted and procedurally barred. Petitioner has not alleged cause and prejudice to excuse the procedural default, nor has he demonstrated that he is actually innocent. Accordingly, petitioner's ineffective assistance of counsel claim on this basis is dismissed.

### b. Failure to Object to Prosecutor's Remarks on Summation

Second, petitioner claims that his attorney should have objected to the prosecutor's summation because he impermissibly vouched for the victims' credibility. Pet. ¶ 22(H). Specifically, he argues that the prosecutor's comment to the jury to "put yourselves in the shoes of [the victim]," deprived him of a fair

trial. See Trial Tr. 218-19. Viewing the remark in the overall context of the prosecutor's summation, it is apparent that the prosecutor was responding to defense counsel's argument that the two child victims provided inconsistent testimony. Id. at 199-206.[3] This type of commentary has been held to be constitutionally sound on habeas review. See, e.g., Ayala v. Ercole, 2007 WL 1135560, at *17 (E.D.N.Y. Apr.17, 2007) ("[A] prosecutor is permitted to respond in an appropriate manner to attacks on the government's case by defense counsel during his summation, including attacks on the credibility of government witnesses.") (collecting cases); Everett v. Fischer, 2002 WL 1447487, at *3 (E.D.N.Y. July 3, 2002) (prosecutor's comments as to the credibility of government witnesses a "fair response" to defense counsel's attack on the credibility of those witnesses); see also Shariff v. Artuz, 2001 WL 135763, at *8 (S.D.N.Y. Feb.16, 2001) ("Although the government may not vouch for a witness's credibility, it may respond to an argument that impugns the government's integrity or the integrity of the case .").

Because petitioner's underlying challenge to the prosecutor's summation is meritless, his attorney cannot be faulted for failing

---

[3] The prosecutor's summation reads, in relevant part: "I want you to turn now to the girls' testimony. You heard the argument that the girls somehow changed their testimony over time. I want you to put yourself in the shoes of [Victim #1], a ten year old girl talking about incidents that occurred about two years ago. Can you imagine how nervous she would be in March of 2002 at a preliminary hearing and you're put on the stand?" Trial Tr. 218.

13

to object. See, e.g., Cuevas v. Henderson, 801 F.2d 586, 592 (2d Cir. 1986) (where comments were in response to defense counsel's summation, failure to object "does not support a conclusion that [counsel's] performance was not reasonably competent."). Petitioner has failed to establish that his attorney's conduct was objectively unreasonable on this ground.

### c. Failure to Obtain Brady Material

Finally, petitioner's argument that his attorney failed to request and obtain Brady material is belied by the record. Petitioner's attorney twice requested that all exculpatory or impeaching material be turned over to the defense. See Ex.B at 33-35, 43. The prosecution replied that they were in possession of no such material. Id. at 37-41. Petitioner thus cannot come close to establishing that he received ineffective assistance of counsel on this ground because he has not set forth a factual basis for this claim.

In sum, petitioner has failed to demonstrate that his counsel's conduct was deficient within the meaning of Strickland, and that, but for the deficiency, the result of his trial would likely have been different. The Appellate Division, therefore, did not render a decision that was contrary to, or an unreasonable application of, Supreme Court precedent. This claim is dismissed.

### 4. Claims of Legal Insufficiency (Ground Five) Prosecutorial Misconduct (Ground Seven) and Juror Bias (Ground Nine) are Procedurally Barred

In affirming petitioner's judgment of conviction, the Appellate Division, Fourth Department, found that petitioner failed to preserve the following claims: (1) that the evidence was legally insufficient; (2) prosecutorial misconduct; and (3) juror bias. Haberer, 24 A.D.3d at 1284.

Under New York law, a criminal defendant must preserve a challenge by making a specific and timely objection. This procedural requirement stems from New York's "contemporaneous objection" or preservation rule, codified at N.Y. Crim. Proc. L. § 470.05(2). The rule requires--for preservation of an issue on appeal--the party to raise the issue before the trial court at the earliest possible juncture. "The purpose of the Rule is 'to fairly apprise the court and the opposing party of the nature and scope of the matter contested.'" Robinson v. Perlman, No. 02 Civ. 8709(LAP)(KNF), 2005 WL 6274288, *7 (S.D.N.Y. April 20, 2005)(quoting People v. Jones, 81 A.D.2d 22, 41-42 (2nd Dept. 1981)).

Where a state court judgment denying a claim is based on an adequate and independent state procedural ground, federal habeas review of that claim is foreclosed. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); see also Harris v. Reed, 489 U.S. 255, 261 (1989). Stated another way, where a "firmly established and

regularly followed state practice" is interposed by the state, subsequent review by a habeas court of a federal constitutional claim is precluded. James v. Kentucky, 466 U.S. 341, 348 (1984).

New York's contemporaneous objection rule has been recognized as an adequate and independent state ground barring federal habeas review. Garvey v. Duncan, 485 F.3d 709, 714-15 (2d Cir. 2007) ("[Section] 470.05(2) is a firmly established and regularly followed New York procedural rule"); Richardson v. Greene, 497 F.3d 212, 220 (2d Cir. 2007) ("Where the case law interpreting New York's preservation rule in criminal proceedings displays consistent application in a context similar to the one before us, that rule is firmly established, regularly followed, and hence adequate for purposes of the independent and adequate state ground doctrine.").

Because petitioner's claims are procedurally barred by an adequate and independent state ground, the Court may consider the unpreserved claims only if petitioner can show either: (1) cause for the procedural default and prejudice resulting therefrom; or (2) that he is actually innocent. Wainwright v. Sykes, 433 U.S. 72, 85, 91 (1997). Petitioner has alleged neither exception to overcome the procedural default, and the instant claims are therefore dismissed.

### 5. Petitioner's Remaining Claims are not Cognizable on Habeas Review

#### a. Claims relating to the Grand Jury Proceedings and Indictment (Grounds One, Two, Four and Six)

Petitioner has raised four claims in the instant petition arising out of the grand jury proceedings and the indictment in Cattaraugus County Court: (1) the indictment was duplicitous (Ground One); (2) the indictment was deficient because it lacked precision to enable him to prepare a defense (Ground Two); (3) the indictment was obtained by the prosecution's use of perjured, fabricated, and/or hearsay evidence at the grand jury (Ground Four); and (4) the indictment was obtained by the prosecutor's withholding of exculpatory or impeaching evidence. Pet. ¶ 22(A)-(B), (D), (F).

The law is well-settled that there is no federal constitutional right to indictment by a grand jury in a state criminal prosecution. See Alexander v. Louisiana, 405 U.S. 625, 633 (1972) ("Although the Due Process Clause guarantees petitioner a fair trial, it does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury."); see also LanFranco v. Murray, 313 F.3d 112, 118 (2d Cir. 2002) (noting that the Fifth Amendment's right to a grand jury indictment has not been incorporated against the states through the Fourteenth Amendment) (citations omitted). The New York Court of Appeals has recognized that "[t]he right to indictment by a Grand

Jury in New York is dependent solely upon [the] State Constitution ...." People v. Iannone, 45 N.Y.2d 589, 594 n.3 (1978) (citation omitted). Federal habeas relief is not available for mere violations of state law, however. Estelle v. McGuire, 502 U.S. at 67-68.

Furthermore, federal courts have held that "[h]abeas corpus is not available to test the sufficiency of the indictment." United States ex rel. Mintzer v. Dros, 403 F.2d 42, 43 (2d Cir.1967) (citing United States ex rel. Tangredi v. Wallack, 343 F.2d 752 (2d Cir.1965) (citing Knewel v. Egan, 268 U.S. 442, 446 (1925)); see also Marcus v. Conway, No. 04 Civ. 0064(JSR)(KNF), 2007 WL 1974305, *4 (S.D.N.Y. July 5, 2007) ("The petitioner's claim, that he had a constitutional right to be tried for robbery based on a grand jury indictment free of defect, does not provide a basis for habeas review because the claim does not present a federal question, as required by 28 U.S.C. 2254(a)."). Likewise, claims based on alleged defects in grand jury proceedings are not cognizable in a federal habeas petition unless they present an independent federal constitutional claim. See Lopez v. Riley, 865 F.2d 30, 32-33 (2d Cir.1989) ("If federal grand jury rights are not cognizable on direct appeal where rendered harmless by a petit jury, similar claims concerning a state grand jury proceeding are a fortiori foreclosed in a collateral attack brought in a federal court.").

For the reasons stated, petitioner's claims relating to the grand jury proceedings and the indictment are not reviewable by this Court, and are therefore dismissed.

### b.     Harsh and Excessive Sentence (Ground Ten)

As he did on direct appeal, petitioner contends that his sentence is harsh and excessive. Pet. ¶ 22(J).

A petitioner's assertion that a sentencing judge abused his discretion in sentencing is generally not a federal claim subject to review by a habeas court. See Fielding v. LeFevre, 548 F.2d 1102, 1109 (2d Cir. 1977) (citing Townsend v. Burke, 334 U.S. 736, 741 (1948) ("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus."). A challenge to the term of a sentence does not present a cognizable constitutional issue if the sentence falls within the statutory range. White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); accord Ross v. Gavin, 101 F.3d 687 (2d Cir. 1996) (unpublished opinion).

Here, petitioner was convicted of Sodomy in the First Degree (N.Y. Penal L. § 130.50(3)), a class B violent felony, and two counts of Endangering the Welfare of a Child (N.Y. Penal L. § 260.10(1)), a misdemeanor. For the sodomy conviction, the sentencing range for a second felony offender is eight to twenty-five years, determinate. See N.Y. Penal L. § 70.06(6).

Petitioner's 22-year sentence, therefore, was within the permissible statutory range.[4] See Sentencing Mins. 14-15. Accordingly, petitioner's challenge to his sentence provides no basis for habeas relief, and this claim is dismissed.

**IV. Conclusion**

For the reasons stated above, Jeffrey Haberer's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated: July 26, 2010
Rochester, New York

---

[4] The 1 year sentences for his misdemeanor convictions ran concurrent to the sentence for the sodomy conviction.